UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

WILL TEAM INTERNATIONAL LIMITED,    )
                                     )

               Plaintiff,         )

                                     )    Civil Action No. 2:15-cv-2393

- against -                   )

                                   )

EASTERN BANK,                     )

                                   )

               Defendant.       )

## COMPLAINT

Plaintiff Will Team International Limited ("Will Team"), through its undersigned

counsel, as and for its Complaint against Defendant Eastern Bank ("Eastern Bank" or

"Defendant"), respectfully alleges as follows:

### JURISDICTION & VENUE

1.      International Tobacco Partners, Ltd. ("ITP") is a New York corporation

and the debtor in a Chapter 7 case, Case No. 8-10-74894-ast (the "Bankruptcy Case"),

pending in the United States Bankruptcy Court for the Eastern District of New York (the

"Bankruptcy Court").

2.      On June 25, 2010, ITP filed a voluntary petition in the Bankruptcy Court

for relief under Chapter 11 of the Bankruptcy Code. On August 16, 2012, the

Bankruptcy Case was converted from Chapter 11 to Chapter 7 and Richard L. Stern was

appointed as the Chapter 7 Trustee of ITP's Estate (the "Trustee").

3.      Jurisdiction over the subject matter of this action is conferred on this Court

by 28 U.S.C. §§ 1334(a) and (b), because this action is related to the Bankruptcy Case.

4. Venue is proper pursuant to 28 U.S.C. § 1409, because the Bankruptcy Case is pending in the United States Bankruptcy Court for the Eastern District of New York.

## PARTIES

5. Will Team is a corporation organized and existing under the laws of the British Virgin Islands

6. Citland is a corporation organized and existing under the laws of England, with its principal place of business at Park House, 15/18 Greenhill Crescent, Watford, Herts WD188PH, United Kingdom. Citland is in the business of, *inter alia*, licensing certain brands of tobacco products for manufacture and import.

7. Upon information and belief, Eastern Bank is a savings bank duly organized under the laws of Massachusetts with its principal place of business located in Boston, Massachusetts.

## BACKGROUND

## A. The Master Settlement Agreement and Non-Participating Manufacturer Statutes

8. In 1998, the "Big Four" tobacco manufacturers and forty-six states entered into the Master Settlement Agreement ("MSA").

9. Pursuant to the MSA, these tobacco manufacturers have ongoing settlement payment obligations in return for protection from subsequent lawsuits regarding the sale and use of tobacco products.

10. In order to offset the competitive advantage that would otherwise benefit those who did not enter into the MSA, many states enacted Non-Participating Manufacturer Statutes ("NPM Statutes") which require, among other things, that a non-

-2-

participating manufacturer ("NPM") deposit certain funds in an escrow account to satisfy any judgment that the settling state should win against the NPM.

11.     Under the NPM Statutes, any funds remaining after 25 years would then be released from escrow to the NPM.

12.     Citland is a manufacturer of tobacco products which did not participate in the MSA and therefore is a NPM.

13.     ITP previously imported tobacco products that were manufactured by Citland and sold these products through a series of distributors located in various states throughout the United States.

## B.     The Escrow Agreement

14.     In order to satisfy its legal requirements pursuant to the law of the various states in which it operated, on April 7, 2010, Citland entered into an escrow agreement ("Escrow Agreement") with Eastern Bank whereby Citland agreed to tender for deposit the funds required to be placed into escrow pursuant to the NPM Statutes. The relevant statutes generally provide that the funds deposited into the statutory mandated escrow account are to be available to fund health and tobacco related issues and if not used will revert back to the tobacco manufacturer upon the expiration of a 25 year period.

15.     Under the Escrow Agreement, a master account and multiple subaccounts (collectively, the "Escrow Account") were established by Citland at Eastern Bank for the following states: Alabama, Colorado, Indiana, Kentucky, Michigan, North Carolina, South Carolina and Virginia.

16.     The only parties to the Escrow Agreement were Citland and Eastern Bank.

17.     ITP was not a party to or a beneficiary of the Escrow Agreement and ITP has no interest in or rights relating to the funds in the Escrow Account.

18. However, to facilitate the logistics of the funding of the Escrow Account, ITP and Citland agreed that ITP would deposit funds on behalf of Citland into the Escrow Account.

19. To further coordinate notice and contact about the funding process, the Escrow Agreement provided that copies of any notices required by the Escrow Agreement would be sent to Citland and also to ITP. (Escrow Agreement, Section 13.)

20. Upon information and belief, because the Escrow Agreement provided for copies of any notices required by the Escrow Agreement to also be sent to ITP, Eastern Bank mistakenly included ITP's name on the bank statements.

21. In addition, while it appears that the account numbers listed in the Escrow Agreement do not match the account numbers set forth in the statements issued by Eastern Bank that are attached to the Debtor's amended schedules, Eastern Bank has advised Citland's attorneys that the existing accounts are intended to comply with the Escrow Agreement.

22. In any event, it was clearly understood by Citland that the deposited funds were to be held for the benefit of Citland so that the tobacco products it manufactured could be sold in the respective states, and any funds that remained in the Escrow Account after the conclusion of the 25 year period would revert to Citland.

C.     ITP's Amended Schedules

23. On September 27, 2012, shortly after this case was converted to one under Chapter 7 of the Bankruptcy Code, Jeffrey Avo Uvezian, the President of ITP, submitted various amended schedules to this Court in which he listed certain property in which ITP had an interest.

-4-

24.     One of the categories of property listed by ITP was "$4,581,282.59 US cash reserves Eastern Bank deposited in escrow for MSA ... (see attached Eastern Bank account statement)." (*Id.* at 3rd page of Schedule B.)

25.     Some of the statements from Eastern Bank attached to these schedules pertained to the Escrow Account.

26.     Citland timely filed an amended proof of claim in the Chapter 7 case asserting its interest and ownership of the funds in the Escrow Account.

**D.     Citland's Efforts to Clarify the Ownership of the Escrow Account**

27.     In an effort to clarify the Ownership of the Escrow Account, Citland's counsel spoke with counsel for the Chapter 7 Trustee and a representative of Eastern Bank several times between October 2012 and February 2013.

28.     Unfortunately, the parties were not able to resolve the dispute between ITP and Citland as to the ownership of the funds in the Escrow Account.

29.     Instead of offering a factual or legal justification for ITP's asserted interest in the Escrow Account, counsel for the Trustee demanded a substantial amount of money in exchange for a release and waiver of any claim by ITP to the Escrow Account -- a proposal which Citland rejected.

30.     Pursuant to an Agreement dated August 15, 2014, Citland transferred and assigned, among other things, all of it interest and rights in and to the Escrow Account to Will Team.

31.     Will Team has also commenced a declaratory judgment action in the United States Bankruptcy Court for the Eastern District of new York against ITP for a judicial determination of the rights of the respective parties in the Escrow Account (the "Declaratory Judgment Action").

## COUNT I
### (Breach of Fiduciary Duty)

32.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if set forth at length herein.

33.     As Escrow Agent of the Escrow Account and the funds deposited therein, Eastern Bank owed duties to Citland and now to Will Team, including a duty to act with due care with Citland and a duty to deal fairly and honestly with Citland.

34.     Eastern Bank breached those duties, by, among other things: (a) failing to ensure that the Escrow Account was properly attributed to Citland for all purposes; (b) improperly attributing the Escrow Account to ITP; and (c) failing to assist Citland with clarifying its interest in the Escrow Account vis-à-vis ITP after ITP filed its bankruptcy schedules falsely claiming an interest in same.

35.     Had Eastern Bank not breached those duties, then ITP would not have been able to falsely claim an interest in the Escrow Account.

36.     As a direct and proximate result of Eastern Bank's breaches of its fiduciary duties, Will Team has been damaged in the form of expenses, costs and reasonable attorneys' fees incurred in investigating and prosecuting this action and the Declaratory Judgment Action.

37.     As a further direct and proximate result of Eastern Bank's breaches of its fiduciary duties, ITP was able to falsely claim an interest in the Escrow Account.

38.     It was foreseeable to Eastern Bank that its breaches of fiduciary duty would cause harm to others, including Citland and Will Team.

39.     But for Eastern Bank's breaches of fiduciary duty as alleged herein, ITP would not have been able to falsely claim an interest in the Escrow Account.

40.     But for Eastern Bank's breaches of fiduciary duty as alleged herein,

Citland and Will team would not have incurred expenses, costs and reasonable attorneys'

fees incurred in investigating and prosecuting this action and the Declaratory Judgment

Action.

## COUNT II
### (Breach of Contract)

41.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1

through 40 of this Complaint as if set forth at length herein.

42.     Citland and Eastern Bank entered into the Escrow Agreement,

establishing, governing, and/or otherwise relating to the Escrow Account.

43.     Pursuant to the Escrow Agreement, Eastern Bank agreed to serve as

Escrow Agent of the Escrow Account and the funds deposited therein.  As such, Eastern

Bank agreed to act with due care and good faith relating to the Escrow Account by,

among other things, (a) ensuring that the Escrow Account was properly attributed to

Citland for all purposes; (b) preventing other parties, such as ITP, from improperly

claiming an interest in the Escrow account; and (c) assisting Citland with clarifying its

interest in the Escrow Account should any question as to Citland's interest in same arise.

44.     Eastern Bank breached those duties of due care and good faith, and

otherwise breached its contractual obligations by, among other things: (a) failing to

ensure that the Escrow Account was properly attributed to Citland for all purposes; (b)

improperly attributing the Escrow Account to ITP; and (c) failing to assist Citland with

clarifying its interest in the Escrow Account vis-à-vis ITP after ITP filed its bankruptcy

schedules falsely claiming an interest in same.

45.     Had Eastern Bank not breached those duties, then ITP would not have been able to falsely claim an interest in the Escrow Account.

46.     As a direct and proximate result of Eastern Bank's breaches of its duties, Citland and Will team have been damaged in the form of expenses, costs and reasonable attorneys' fees incurred in investigating and prosecuting this action and the Declaratory Judgment Action.

47.     As a further direct and proximate result of Eastern Bank's breaches of its duties, ITP was able to falsely claim an interest in the Escrow Account.

48.     It was foreseeable to Eastern Bank that its breaches of fiduciary duty would cause harm to others, including Citland and Will Team.

## COUNT III
### (Negligence)

49.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 48 of this Complaint as if set forth at length herein.

50.     As Escrow Agent of the Escrow Account and the funds deposited therein, Eastern Bank owed duties of reasonable and ordinary care to Citland and now to Will Team.

51.     Further, federal banking regulations, guidance from bank regulators, and standard practice in the banking industry, all impose a duty on banks to know their customers and monitor their accounts.

52.     Eastern Bank breached those duties and failed to exercise reasonable and ordinary care by, among other things: (a) failing to ensure that the Escrow Account was properly attributed to Citland for all purposes; (b) improperly attributing the Escrow Account to ITP; and (c) failing to assist Citland with clarifying its interest in the Escrow

-8-

Account vis-à-vis ITP after ITP filed its bankruptcy schedules falsely claiming an interest in same.

53.   Had Eastern Bank not breached those duties, then ITP would not have been able to falsely claim an interest in the Escrow Account.

54.   As a direct and proximate result of Eastern Bank's breaches of its duties, Citland and Will Team have been damaged in the form of expenses, costs and reasonable attorneys' fees incurred in investigating and prosecuting this action and the Declaratory Judgment Action.

55.   As a further direct and proximate result of Eastern Bank's breaches of its duties, ITP was able to falsely claim an interest in the Escrow Account.

56.   It was foreseeable to Eastern Bank that its acts constituting failure to exercise reasonable care would likely cause harm to others, including Citland and Will Team.

57.   But for Eastern Bank's failure to exercise reasonable care as alleged herein, ITP would not have been able to falsely claim an interest in the Escrow Account.

58.   But for Eastern Bank's failure to exercise reasonable care, Citland and Will Team would not have incurred expenses, costs and reasonable attorneys' fees incurred in investigating and prosecuting this action and the Declaratory Judgment Action.

59.   Citland has performed all of its material obligations under the Escrow Agreement.

**WHEREFORE**, Will Team respectfully requests that this Court enter an Order awarding compensatory, consequential, and punitive damages against Eastern Bank in favor of Will Team

in such amount as to be determined by the Court, together with such other relief as is determined

by the Court to be fair and equitable, including but not limited to the reasonable attorneys' fees

and related costs incurred in investigating and prosecuting this action and the Declaratory

Judgment Action.

DATED: New York, New York            Respectfully submitted,
        April 28, 2015

                                   CULHANE MEADOWS PLLC

                                   _/s/ *Robert W. Dremluk*_
                                   Robert W. Dremluk, Esq. (RD-3109)
                                   90 Park Avenue, 17th Floor
                                   New York, New York 10016
                                   Telephone: (516) 883-2759
                                   Email: rdremluk@culhanemeadows.com

                                   *Attorneys for Plaintiff*